IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MONIQUE DESIREE ASKEW,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Civil Action No. **3:14-CV-3203-L** |
| | § | |
| **LANCASTER INDEPENDENT** | § | |
| **SCHOOL DISTRICT BOARD OF** | § | |
| **TRUSTEES; ROOSEVELT NIVENS;** | § | |
| **and MICHAEL McFARLAND,** | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION ORDER**

Before the court is Defendants Lancaster Independent School District, Roosevelt Nivens,

and Michael McFarland's Motion to Dismiss, filed December 29, 2014.  Plaintiff Monique Desiree

Askew ("Plaintiff" or "Askew") did not file a response to the motion.  After careful consideration

of the motion, pleadings, and applicable law, the court **grants** Defendants Lancaster Independent

School District, Roosevelt Nivens, and Michael McFarland's Motion to Dismiss as to all Title VII

claims, **denies without prejudice** Plaintiff's claim for interference with a contract, and **orders**

Plaintiff to replead this claim in accordance with this opinion and order.

**I.      Background**

Plaintiff filed this action on September 5, 2014, against the Lancaster Independent School

District Board of Trustees[1] ("LISD"), Roosevelt Nivens, and Michael McFarland (collectively,

"Defendants").  Askew began working for LISD on March 20, 2006, and was terminated on June

---

[1] Although Askew sued the Board of Trustees for the Lancaster Independent School District, the
proper party is the Lancaster Independent School District, and the court will refer to this party as such.

**Memorandum Opinion and Order – Page 1**

28, 2013.   She asserts claims of retaliation and discrimination (including a hostile work environment) based on her race and national original under Title VII of the Civil Rights Act of 1964, as amended, and a claim for interference with a contract.   Askew seeks compensatory damages and attorney's fees from Defendants.

Defendants contend that Plaintiff has failed to state a claim upon which relief can be granted and have filed a motion to dismiss Plaintiff's Title VII claims and her claim for interference with a contract pursuant to Federal Rule of Civil Procedure 12(b)(6).   Defendants contend that Askew fails to state a claim upon which relief can be granted because she filed her charge of discrimination with the Texas Workforce Commission ("TWC") and Equal Employment Opportunity Commission ("EEOC") more than 300 days following the allegedly discriminatory and retaliatory acts.   Further, Defendants contend that Nivens and McFarland cannot be held liable under Title VII because they were not Askew's employer.   Finally, with respect to the interference-with-contract claim, Defendants contend that they are immune from suit.

## II.    Rule 12(b)(6)—Failure to State a Claim and Statute of Limitations Defense

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).   A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.   The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).   While a complaint need not contain detailed factual

**Memorandum Opinion and Order – Page 2**

allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted). The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted). When the allegations of the pleading do not allow the court to infer more than the mere possibility of wrongdoing, they fall short of showing that the pleader is entitled to relief. *Iqbal*, 556 U.S. at 679.

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F.3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). In this regard, a document that is part of the record but not referred to in a plaintiff's complaint *and* not attached to a motion to dismiss may not be considered by the court in ruling on a 12(b)(6) motion. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 820 & n.9 (5th Cir. 2012) (citation omitted). Further, it is well-establsihed and "'clearly proper in deciding a 12(b)(6) motion [that a court may] take judicial notice of matters of public record.'" *Funk v. Stryker Corporation*,

**Memorandum Opinion and Order – Page 3**

631 F.3d 777, 783 (5th Cir. 2011)  (quoting *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007) (citing *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff.  *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002).  While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679 (citation omitted).  Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions*. R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim.  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).  Stated another way, when a court deals with a Rule 12(b)(6) motion, its task is to test the sufficiency of the allegations contained in the pleadings to determine whether they are adequate enough to state a claim upon which relief can be granted.  *Mann v. Adams Realty Co.*, 556 F.2d 288, 293 (5th Cir. 1977); *Doe v. Hillsboro Indep. Sch. Dist*., 81 F.3d 1395, 1401 (5th Cir. 1996), *rev'd on other grounds*, 113 F.3d 1412 (5th Cir. 1997) (en banc).  Accordingly, denial of a 12(b)(6) motion has no bearing on whether a plaintiff ultimately establishes the necessary proof to prevail on a claim that withstands a 12(b)(6) challenge. *Adams*, 556 F.2d at 293.

A statute of limitations may support dismissal pursuant to Rule 12(b)(6) when it is evident from a plaintiff's pleadings that the action is time-barred and the pleadings fail to set forth or raise some basis for tolling the statute. *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (citations omitted).

**Memorandum Opinion and Order – Page 4**

**III.     Analysis**

       **A.     Plaintiff's Title VII Claims**

The question that must be decided with respect to Plaintiff's Title VII claims is whether she timely filed her charge of discrimination with the EEOC.  According to Plaintiff's Original Complaint ("Complaint"), she was terminated on June 28, 2013.  Pl's. Orig. Compl. 2.  The allegedly discriminatory act or conduct started and ended on the date of her termination.  Askew filed her charge of discrimination with the EEOC and TWC on June 10, 2014.

Individuals who file claims of discrimination under Title VII "must exhaust administrative remedies before pursuing claims in federal court.  Exhaustion occurs when [a] plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue." *Taylor v. Books A Million*, *Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002) (citation omitted).  Contrary to Defendants' assertion, "filing a timely charge of discrimination with the EEOC is *not* a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (emphasis added and footnote omitted).  In other words, the late filing of an EEOC charge does not deprive the court of subject matter jurisdiction.  The filing of an EEOC charge "is a precondition to filing suit in district court." *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996)).

In this case, plaintiff instituted a charge of discrimination with the EEOC and TWC.  Since Askew filed her charges with the TWC, a state agency, she was required to file her charge of discrimination within 300 days from the date of the last discriminatory act.  42 U.S.C. § 2000e-5(e)(1); *Edelman v. Lynchburg Coll.*, 535 U.S. 106, 109 n.1 (2002).  Plaintiff filed her charge on June 10, 2014, which is 347 days from June 28, 2013, the date the last allegedly discriminatory act

**Memorandum Opinion and Order – Page 5**

or conduct occurred.  As Askew failed to file her charge of discrimination within 300 days of June

28, 2013, she failed to exhaust her administrative remedies, and her Title VII claims are time-

barred and must be dismissed.  Plaintiff failed to respond to the motion to dismiss, and no issues

regarding waiver, statute of limitations, or tolling have been raised by the pleadings or otherwise.

### B.        Plaintiff's Claim for Interference with a Contract

Askew contends that Defendants interfered with a contract.   In light of Plaintiff's

conclusory and bare-bones pleadings with respect to this claim, the court is unable to determine

whether she is attempting to assert a claim under state law, federal law, or both.  As Plaintiff is *pro*

*se* the court will allow her to file an amended pleading and state whether she is asserting a claim

under Texas common law for tortious interference with a contract or whether she is asserting such

claim pursuant to a federal statute.  She must state specifically the facts that support her claim,

state when the contract was made, and, if it is asserted pursuant to a federal law, state the statute

that authorizes the claim.[2]

## IV.    Amendment of Pleadings

Although Askew did not file a response to the motion to dismiss and she has not stated her

claim with the requisite specificity required in *Twombly* and *Iqbal*, justice requires the court to

allow her to amend her claim for interference with a contract.  *See* Fed. R. Civ. P. 15(a)(2).  When

a party has not previously amended her pleadings, she should be given an opportunity to amend

unless amendment would be futile.   The court cannot determine in this instance whether

amendment would be futile in light of the lack of specificity in Plaintiff's Complaint regarding her

---

[2] Defendants include matters outside the pleadings.  Defendants' statement that Nivens was an Assistant Superintendent of LISD and that Plaintiff was an "at will" employee are not part of the pleadings, and the court cannot consider them in deciding a 12(b)(6) motion.  With respect to a 12(b)(6) motion, Defendants may not request the court to consider statements that fall outside the pleadings.

**Memorandum Opinion and Order – Page 6**

claim for interference with a contract.  The court determines that justice requires it to allow Plaintiff to amend her pleadings.

## V.       Conclusion

For the reasons herein stated, the court **grants** Defendants Lancaster Independent School District, Roosevelt Nivens, and Michael McFarland's Motion to Dismiss with respect to all Title VII claims asserted by Plaintiff; and they are **dismissed with prejudice**.  The motion is **denied without prejudice** with respect to Plaintiff's claim for interference with a contract.  Plaintiff **shall replead** this claim in accordance with the court's instructions.  Askew shall file, not place in the mail, her first amended complaint by **noon** on **September 30, 2015.**  If Plaintiff fails to file her first amended complaint by this date and time, the court may dismiss this claim without prejudice pursuant to Federal Rule of Civil Procedure 41(b) for want of prosecution or failure to comply with a court order; or dismiss it with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

**It is so ordered** this 11th day of September, 2015.

Sam A. Lindsay
United States District Judge